William O. Martin, Jr. (Bar No. 135399)
R. Bryan Martin (Bar No. 221684)
Roxanne Irani (Bar No. 239457)
HAIGHT BROWN & BONESTEEL LLP
6080 Center Drive, Suite 800
Los Angeles, CA 90045-1574
Telephone: 310.215.7100
Facsimile: 310.215.7300
Email: wmartin@hbblaw.com
       bmartin@hbblaw.com
       rirani@hbblaw.com

Scott Sarason, *Pro Hac Vice*
Christina Paul, *Pro Hac Vice*
RUMBERGER, KIRK & CALDWELL, P.A.
Brickell Bayview Centre, Suite 3000
80 Southwest 8th Street
Miami, FL 33130-3037
Telephone: 305.358.5577
Facsimile: 305.371.7580
Email: ssarason@rumberger.com
       cpaul@rumberger.com

Attorneys for Defendants
BRP, INC. and BRP US INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| NICOLE ALFANO and MICHAEL ALFANO,<br><br>    Plaintiffs,<br><br>vs.<br><br>BRP Inc. and BRP US Inc., and DOES 1 through 50 inclusive,,<br><br>    Defendants. | Case No. 2:08-CV-01704-JAM-DAD<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY ADJUDICATION**<br><br>Date:      June 2, 2010<br>Time:      9:30 a.m.<br>Judge:     Hon. John A. Mendez<br>Courtroom: 6 |

> In order to establish a claim for failure to warn, Plaintiff must prove all of the following:
>
> \* \* \* \* \*
>
> (7) The lack of sufficient warnings was a substantial factor in **causing** Plaintiffs' harm. CACI 1205 *(emphasis added)*; *Ramirez v. Plough, Inc.,* 6 Cal. 4th 539, 556 (Cal. 1993).

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

BR30-0000057
3683193.1

1

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY ADJUDICATION

Defendants, BRP Inc. and BRP US Inc. (collectively referred to as "BRP") hereby submit their Reply to Plaintiffs' Opposition to Motion for Summary Adjudication. Plaintiffs have not and cannot put forth admissible evidence to satisfy their burden of proof on the essential element of causation to their strict and negligent product liability failure to warn claims. As such, BRP's Motion for Summary Adjudication on Plaintiffs' claims of strict and negligent product liability for failure to warn must be granted.

## I. INTRODUCTION

Plaintiffs' entire Opposition[1] focuses on the adequacy of BRP's warning regarding orifice injuries. However, *the adequacy of the warning is irrelevant as to whether as a matter of law there is a causal relationship between BRP's alleged failure to warn and plaintiff's injuries.*[2] Regardless of whether BRP's warning is adequate, as a matter of law Plaintiffs are unable to establish causation on their failure-to-warn claims.[3]

California law requires proof that "the inadequacy or absence of the warning was a substantial cause of the plaintiff's injury." *Nix v. SmithKline Beecham Corp.*, 2007 U.S. Dist. LEXIS 65860, at *6 (Ariz. Dist. 2007); *see also, Ramirez v. Plough, Inc.*, 6 Cal. 4th 539, 556 (Cal. 1993) (requiring "causal connection between the representations or omissions that accompanied

---

[1] Plaintiffs' Opposition was untimely in that it was filed after 9:00 p.m. on May 19, 2010. The Initial Pre-Trial Scheduling Order (Dkt. 23) issued by the Court regarding dispositive motions specifically states that "**THE OPPOSITIONS AND REPLY MUST BE FILED BY 4:00 P.M. ON THE DAY DUE.**" Plaintiffs violated this order by filing their Opposition after 9:00 p.m. on the day it was due. Moreover, Plaintiffs violated the Court order that memorandum of law in support of and in opposition to dispositive motions are limited to 25 pages and "**the parties are also cautioned on filing multiple briefs to circumvent this rule.**" (Dkt. 23) Plaintiffs filed two dispositive motions, which combined total over 35 pages (Dkt. 66 and 83).

[2] Plaintiffs assert in their Opposition that "BRP is seeking summary adjudication based upon the premise that its warning was adequate and simply not read by Janey Nicole Alfano so there is no casual connection to her injuries." Plaintiff's Opposition, p. 2, lines 10-11. This was not BRP's assertion in its Motion for Summary Adjudication. In fact, BRP acknowledges in its Motion that even assuming BRP's warning was inadequate, Plaintiffs are still unable to establish causation as a matter of law, resulting in the issue of adequacy becoming moot. *See* BRP's Motion for Summary Adjudication, p. 14, lines 11-13. Instead, BRP's Motion is based on the fact that Plaintiffs cannot establish the necessary element of causation because testimony regarding causation would be speculative, and Nicole Alfano's failure to read and rely on the warning extinguishes proximate cause. Plaintiffs failed to adequately address the substance of BRP's Motion in their Opposition and instead argue that BRP's warning is inadequate, an argument that is irrelevant to the issue of causation.

[3] BRP does not address the numerous portions of Plaintiffs' Opposition dealing with whether the warning was adequate as the adequacy of the warning is irrelevant to BRP's Motion for Summary Adjudication on causation.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

BR30-0000057
3683193.1

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY ADJUDICATION

2

the product and plaintiff's injury"); *Lord v. Sigueiros,* 2006 WL 1510408, at *3 (Cal. 2006) (stating that "causation is an essential element" of failure-to-warn claims). Because California has not adopted the heeding presumption,[4] the plaintiff bears the full burden of proving through affirmative evidence that the inadequate warning was the proximate cause of the injury, or, in other words, that an adequate warning would have altered plaintiff's conduct and caused plaintiff to heed the warning. *Nix v. SmithKline Beecham Corp.,* 2007 U.S. Dist. LEXIS 65860, at *7 (citing *Motus v. Pfizer,* 196 F. Supp. 2d 984, 991.) Here, even assuming inadequacy of the warning, Plaintiffs are unable to establish that an adequate warning would have altered Nicole Alfano's (hereinafter "Nicole") conduct for multiple reasons.

First, any testimony that Nicole would have acted a certain way or heeded to the warning had it been adequate is inadmissible as it is too speculative and self-serving pursuant to *Federal Rules of Evidence* §§ 602 and 701. *See Nevada Power Co. v. Monsanto Company,* 891 F. Supp. 1406 (9th Cir. 1995)(the court held that plaintiff's testimony that he would not have used the equipment at all had he known more fully of the dangers was too speculative and self-serving). Without such testimony, Plaintiffs cannot establish causation. *See Nix v. SmithKline Beecham Corp.,* 2007 U.S. Dist. LEXIS 65860, at *9-10 (holding that the only way for a plaintiff to satisfy their burden of proof on the issue of causation is to prove through affirmative evidence that an adequate warning would have altered the plaintiffs' conduct.)

Second, the fact that Nicole saw the warning label and did not read it, even though she admitted that "nothing prevented her from reading it," prevents a finding of proximate cause as Nicole did not intend to read or rely on the warning. Plaintiffs have failed to satisfy their burden of proof on causation as they have not and cannot provide *affirmative admissible evidence* that Nicole read and relied on the warning and that an adequate warning *would have* altered Nicole's

---

[4] Some states have adopted a rebuttable presumption that a person would have heeded an adequate warning. *See Motus,* 196 F. Supp. 2d at 991-95. However, California has not adopted such a presumption. *Lord,* 2006 WL 1510408, at *3-4 (rejecting the "heeding presumption" and stating that *Motus* accurately summarizes California law).

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

BR30-0000057
3683193.1

3

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY ADJUDICATION

conduct.[5] Without such evidence, Plaintiffs cannot establish causation, which is an essential element to their claims for both strict and negligent product liability for failure to warn.

## II. LEGAL ARGUMENTS

### A. Testimony That Nicole Would Have Heeded The Warning Had It Been Adequate Is Inadmissible And Therefore, Plaintiffs Cannot Prove Causation.

While the bulk of Plaintiff's Opposition deals with irrelevant issues such as whether or not the BRP warning is adequate (an issue which BRP denies, but concedes in its Motion is irrelevant to the issue of causation under these circumstances), Plaintiffs' claim at the end of their Opposition that a stronger warning would have altered Nicole's behavior. Not only did Nicole not provide such testimony (*see* footnote 5, *supra* and Response to Plaintiffs' Statement of Undisputed Facts), but such testimony is inadmissible as it is speculative and self-serving. *Nevada Power Co. v. Monsanto Company*, 891 F. Supp. 1406 (9th Cir. 1995). Plaintiffs' claim in their Response to BRP's Statement of Undisputed Facts ("SUF") No. 30, that in California, Nicole can testify about what she would have done if the warning was conspicuously located and contained an accurate description of the water orifice injury hazard, relying on *Motus v. Pfizer, Inc. (Roerig Div.)*, 358 F.3d 659, 661 (9th Cir.) and *Motus v. Pfizer, Inc.*, 196 F.Supp.2d 984, 995, 997 (C.D. Cal. 2001). One of the main purposes of this Reply is to demonstrate the inaccuracy of that statement and the fact that those cases do not stand for such a proposition.

It is well-settled that speculative and self-serving testimony is inadmissible pursuant to *Federal Rules of Evidence* §§ 602 and 701.[6] *Nevada Power Co. v. Monsanto Company*, 891 F.

---

[5] Plaintiffs' Statement of Undisputed Facts Number 5 in support of their Opposition states that "A stronger warning would have altered Nicole's behavior." Plaintiffs' citation to various portions of Nicole Alfano's deposition transcript for this proposition is taken out of context. The testimony provided by Nicole was that she would have worn protective clothing *if Jill Smith had discussed with her what could happen to her*. There was no statement as to what she would have done had she read a more adequate warning. More importantly, such a statement from Nicole would be inadmissible speculative and self-serving testimony. *Nevada Power Co. v. Monsanto Company*, 891 F. Supp. 1406 (9th Cir. 1995). Moreover, while Nicole testified what language would have caused her to understand the severity of injury, she did not testify how she would have acted had she read a warning that she deemed adequate. Such testimony would be speculative and inadmissible.

[6] The Federal Rules of Evidence, not provisions of state law, govern the admissibility of evidence in federal court. *Federal Rules of Evidence* §§ 101, 402; *see also, Park v. City of Chicago*, 297 F.3d 606, 611 (7th Cir. 2002). In fact, "[f]ederal courts do, and must, apply both the Federal Rules of Evidence and other evidentiary rules derived

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

BR30-0000057
3683193.1

4

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY ADJUDICATION

Supp. 1406, 1415 (9th Cir. 1995) ("speculative testimony about how another might have acted without personal knowledge is not admissible as evidence"). In *Nevada Power*, the court reviewed the magistrate judge's granting of a motion for summary judgment. Nevada Power argued that the magistrate judge erred in not finding a genuine issue of material fact based on testimony that Plaintiff, had it known more fully the dangers of the product, "wouldn't have used the equipment at all." *Id.* at 1415-1416. The court found this testimony too speculative and self-serving and excluded it. *Id.* at 1416. The court noted that several other courts have excluded speculative and self-serving statements. *Id.* Referring to a case markedly similar since, like the case at bar, a recreational vehicle was involved, the court in *Nevada Power Co.* stated:

> In *Kloepfer v. Honda Motor Co.*, 898 F.2d 1452 (10th Cir. 1990), the court considered the exclusion of a mother's testimony about whether she would not have allowed her 6-year-old son to ride a three-wheeled all-terrain vehicle if there was a proper *warning*. The Tenth Circuit found that the district court was "well within its discretion in refusing to allow her to make [such] *speculative and self-serving statements.*" *Id.* at 1459; see also *Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993) (holding district court properly excluded testimony by co-worker about what he would have done had he seen a vacuum cleaner *warning* label, on the ground that the statements were *too speculative and self-serving*). *Id.*

In *Kloepfer*, Plaintiff parents filed a product liability action against defendants, manufacturer, distributor and designers of a three-wheel All-Terrain Vehicle (ATV), arising from the death of their six-year-old son who was killed while riding as a passenger on the ATV. On appeal, plaintiff contended that the district court erred when it refused to allow the plaintiff's attorney to ask plaintiff whether she would have obeyed a proper ATV warning. *Id.* at 1459. Plaintiff argued that one of the key questions on the warning issue was whether the plaintiff would have obeyed a proper warning as developed by her human factors expert. *Id.* The Appellate Court found that the district court did not err in excluding plaintiff's testimony and the court was well within its discretion in refusing to allow plaintiff to make speculative and self-serving statements to the effect that had a different warning been on the vehicle, she would not have allowed her six-

---

from federal statues, Supreme Court decisions, or other sources of federal law, in their proceedings." *Schrott v. Bristol-Myers Squibb Co.* 403 F.3d 940, 943 (7th Cir. 2005) (emphasis added).

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

BR30-0000057
3683193.1

5

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY ADJUDICATION

1  year-old son to ride it. *Id.* The court concluded that such testimony is speculative and self-
2  serving pursuant to *Federal Rules of Evidence* § 701. *Id.*

3        In *Beatty v. Michelin Tire Corp.*, 1999 U.S. Dist. LEXIS 21970 (2nd Cir. 1999), the court
4  held that the plaintiffs' sole affirmative evidence relating to warnings causation that had the
5  subject tire contained, in sufficient size to be readily discernable, an adequate warning, plaintiff
6  would have altered his conduct, was speculative opinion testimony by a lay witness, which is
7  generally inadmissible pursuant to *Federal Rules of Evidence* § 701. *Id.* at 14-15. The court
8  further noted that while this testimony goes directly to the causation issue, because the proffered
9  testimony is not based upon the witness' perception, but upon his self-serving speculation, the
10 court found that this testimony must be excluded. *Id.* The court determined that because of
11 plaintiffs' failure to offer any admissible evidence addressing whether an appropriate warning
12 would have been heeded, that the plaintiffs cannot prove the elements of their warnings claim as a
13 matter of law. *Id.*; *see also, Magoffe v. JLG Indus.*, 2008 U.S. Dist. LEXIS 99080 (10th Cir.
14 2008) (approving the holding that *Federal Rules of Evidence* § 701 does not permit a lay witness
15 to speculate about whether he or she would have followed a hypothetical warning or what the
16 hypothetical effect of that warning would be).

17       Here, the only evidence Plaintiffs can proffer regarding whether the alleged inadequate
18 warning caused Nicole's injuries is to provide inadmissible testimony from Nicole that she would
19 have read and heeded an adequate warning. However, such evidence is speculative, self-serving
20 and inadmissible pursuant to the *Federal Rules of Evidence*. Notably, even though *Nevada Power*
21 *Co., Kloepfer* and *Washington* were cited in BRP's moving papers, Plaintiffs failed to address the
22 issue of whether testimony about what Nicole would have done had she read an adequate warning
23 label is admissible. Plaintiffs briefly contest such a proposition in Plaintiffs' Response to BRP's
24 SUF Number 30. In Plaintiff's Response to SUF No. 30, Plaintiffs' claim that in California,
25 Nicole can testify about what she would have done if the warning was conspicuously located and
26 contained an accurate description of the water orifice injury hazard, relying on *Motus v. Pfizer,*
27 *Inc. (Roerig Div.)*, 358 F.3d 659, 661 (9th Cir.) and *Motus v. Pfizer, Inc.*, 196 F.Supp.2d 984, 995,
28 997 (C.D. Cal. 2001). Plaintiffs' reliance on *Motus* for such a proposition is misplaced. *Motus*

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

BR30-0000057
3683193.1

6

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY ADJUDICATION

merely states that one can only prevent adjudication on causation by providing affirmative evidence that the warning would have altered plaintiff's conduct. *Motus,* 358 F.3d at 661. *Motus* does not address whether testimony from the Plaintiff that she would have acted a certain way is admissible. *Id. Motus* does indicate that some courts have found that what a plaintiff might or might not have done involves some degree of credibility and thus it is for the jury to determine whether the presence of an adequate warning would have made a difference in plaintiff's actions. *Motus,* 196 F. Supp.2d at 997. However, *Motus* declines to apply such cases. *Id.* Moreover, the cases referenced in *Motus* do not apply the law in the Ninth Circuit. *Id.* The Ninth Circuit is unequivocally clear that speculative testimony about how another might have acted without personal knowledge is not admissible as evidence. *See, Nevada Power Co. v. Monsanto Company*, 891 F. Supp. 1406 (9th Cir. 1995). As such, plaintiffs cannot and have not offered to this court in Opposition to BRP's Motion for Summary Adjudication any admissible evidence on the issue of causation. Plaintiffs are unable to prove an essential element of their warnings claims, requiring adjudication of those claims.

**B. Nicole's Failure To Read And Rely On BRP's Warning Precludes Plaintiffs From Proving Proximate Cause On The Failure To Warn Claims.**

After weeding through Plaintiffs' irrelevant arguments relating to the adequacy of BRP's warning, it appears that Plaintiffs claim that because Nicole saw the warning sticker, but didn't know that it was a warning label, prevents summary adjudication on the issue. Plaintiffs further rely on *Herrera v. Louisville Ladder Group, LLC*, 2009 WL 3849705 for the proposition that the very nature of the label's inadequacy is what caused Nicole to ignore the warning. Unlike in the *Herrera* case where the issue before the court was the adequacy of the warning, *Herrera* did not address whether the plaintiff could testify as to whether a different warning would have altered her conduct. Here, it is undisputed that Nicole admitted ***nothing prevented her from reading the warning.*** BRP's SUF No. 18. Nicole cannot now testify what she would have done had she read the actual warning or a different warning prior to the accident and more importantly, cannot criticize BRP as it relates to adequacy of the warning as she admitted nothing prevented her from reading it.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

BR30-0000057
3683193.1

7

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY ADJUDICATION

The core issue is whether Nicole intended to read and rely on the warning. *See Conte v. Wyeth, Inc.*, 168 Cal.App.4th 89, 112 (Cal. 2009) (holding that in order to causally connect the alleged failure to warn to the user's injuries, there must be some evidence that the user read and intended to rely on the warnings provided by the manufacturer.); see also *Motus, supra*, 196 F.Supp.2d at 96-998 (holding that that because the plaintiff neither read the allegedly inadequate warning label nor relied on information provided by the manufacturer before using the product, the adequacy of the warning is irrelevant to the disposition of this case as causation cannot be established).

Plaintiffs attempt to distinguish *Motus* by citing to the case *Salyards v. Metso Minerals Tampere Oy*, 2005 WL 3021959 for the proposition that BRP's warning is inferred to be inadequate. Again, the adequacy of BRP's warning is irrelevant to the issue of causation. Moreover, in *Salyards*, there was evidence that the manual which contained the alleged inadequate warning was read, thus drawing an inference that the warning was inadequate. Here, is it undisputed that Nicole did not read the warning label or operator's manual. As such, *Motus* is not distinguishable as argued by the Plaintiffs. Plaintiffs have no admissible evidence that Nicole read or intended to rely on BRP's warning. It is undisputed that Nicole saw the warning label.[7] While nothing prevented Nicole from reading the warning label, she chose not to read it and thus did not rely on it.

There is no evidence that Nicole intended to rely on BRP's warning when using the PWC. Nicole did not read a single warning provided by BRP and did not ask that she be provided with BRP's warnings or operator's manual prior to using the PWC. Plaintiffs have failed to put forth *affirmative admissible evidence* that Nicole read and intended to rely on BRP's warnings and that an adequate warning *would have* altered Nicole's conduct. As such, Plaintiffs are unable to casually connect the alleged failure to warn to Nicole's injuries. Merely raising the possibility that Nicole might have acted differently is not enough to satisfy Plaintiffs' burden of proof on

---

[7] Whether or not she knew it was a warning label is immaterial since Nicole testified that nothing prevented her from reading it

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

BR30-0000057
3683193.1

8

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY ADJUDICATION

causation. *Nix v. SmithKline Beecham Corp.*, 2007 U.S. Dist. LEXIS 65860, at *9. Under applicable California law, Plaintiffs must show that additional or adequate warnings would have caused Nicole alter her conduct. *Id.* at *9-10. Plaintiffs' reliance on their expert, Dr. Richard Gill's statement that the BRP warning label that contains information regarding the water orifice injury hazard is one of 17 labels on the Sea-Doo, which compromises over 1200 words and the particular warning label containing information about the water orifice injury hazard is over 500 words long, is insufficient to prove that a different warning would have caused Nicole to act differently.[8] The fact is that Nicole cannot provide admissible evidence that she would have altered her conduct in the face of a different warning. Not only is such testimony inadmissible (see Argument at section II.A., *supra*), but Nicole cannot and has not provided any evidence that she intended to read and rely on the warning. As such, Plaintiff's Strict and Negligent Failure To Warn Claims Fail For Lack of Causation.

### III. CONCLUSION

For the foregoing reasons, Defendants, BRP Inc. and BRP US, Inc., hereby respectfully request this Court enter an Order granting summary adjudication in their favor as it relates to Plaintiffs' strict and negligent product liability failure to warn claims and for any other relief this Court deems just and proper.

Dated: May 26, 2010                         HAIGHT BROWN & BONESTEEL LLP


                                            By: /s/ Roxanne Irani
                                            ———————————————
                                            William O. Martin, Jr.
                                            Roxanne Irani

                                                      -and-

---

[8] Nicole's testimony that she "would have liked florescent letters across the seat saying and explaining in excruciating detail so that there was no way of missing what has happened to people and what could happen" is insufficient to prove that she would have altered her conduct and heeded the warning. What Nicole would have liked and how she would have acted are two different things. It is inadmissible for Nicole to testify how she would have acted had the warning been a certain way.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

BR30-0000057
3683193.1

9

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY ADJUDICATION

| | |
|---|---|
| 1 | RUMBERGER, KIRK & CALDWELL, P.A. |
| 2 | Scott Sarason *(Pro Hac Vice)*<br>Christina Paul *(Pro Hac Vice)* |
| 3 | |
| 4 | Attorneys for Defendants<br>BPR INC. and BRP US INC. |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

BR30-0000057
3683193.1

10

REPLY TO OPPOSITION TO MOTION FOR
SUMMARY ADJUDICATION