IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE ALFANO and MICHAEL ALFANO,<br><br>        Plaintiffs,<br><br>    v.<br><br>BRP Inc. and BRP US Inc., and DOES 1 through 50 inclusive,<br><br>        Defendants.<br>_____/ | Case No. 2:08-cv-1704-JAM-DAD<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION |

This matter comes before the Court on Defendants BRP Inc. and BRP US Inc.'s ("BRP" or "Defendants") motion for summary adjudication pursuant to Federal Rule of Civil Procedure 56. (Doc. # 75). Plaintiffs Nicole and Michael Alfano ("Plaintiffs") oppose the motion. (Doc. # 101). A hearing on this motion was held on June 2, 2010.

I. FACTUAL AND PROCEDURAL BACKGROUND

This is a products liability action arising from a personal watercraft incident that occurred on September 15, 2007 on New

1

Bullards Bar Reservoir in Yuba County, California. Plaintiff, Nicole Alfano, was riding as a passenger on-board a 2005 BRP Sea-Doo GXT personal watercraft (the "PWC") operated by the PWC owner, Jill Smith. After Jill Smith accelerated the PWC, Plaintiff lost her grip on the seat strap, fell off the rear of the PWC and into the water at or near the location of the PWC's propulsion jet nozzle ("jet nozzle") and sustained severe internal injuries. Plaintiffs' claims against BRP are for strict and negligent product liability based on the design of the subject PWC and failure to warn.

In the instant motion, Defendants BRP Inc. and BRP US Inc. seek summary adjudication on Plaintiffs' claims of strict and negligent product liability based on failure to warn. (Doc. # 75). Plaintiffs oppose the motion. (Doc. # 101).

II.  OPINION

A. <u>Legal Standard</u>

Summary judgment or summary adjudication is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Because the purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses," <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-324 (1986), "[i]f summary judgment is not rendered

on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue." Fed. R. Civ. P. 56(d).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e)). The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

A "scintilla of evidence" is insufficient to support the non-moving party's position; "there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. Accordingly, this Court applies to either a defendant's or plaintiff's motion for summary judgment essentially the same standard as for a motion for directed verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law." Id. at 251-52.

B. Failure to Warn

To find a manufacturer liable for failing to warn, a plaintiff must prove the manufacturer's failure to warn was the proximate cause of the plaintiff's injuries. Conte v. Wyeth Inc., 168 Cal.App.4th 89, 112 (Cal. 1st DCA 2009). A manufacturer of a product can only be liable for those injuries proximately caused by breach of its duty to communicate adequate product warnings. Carlin v. Superior Court, 13 Cal. 4th 1104, 1110 (Cal. 4th 1996).

Defendants argue that Plaintiffs have not and cannot put forth admissible evidence to satisfy their burden of proof on the essential element of causation to their strict and negligent product liability failure to warn claims. The PWC involved in this case contains warnings, both on-board the subject PWC and within the Operator's Guide, that all users must wear protective clothing, namely a wet suit or equivalent clothing, to prevent severe internal injuries resulting from falling in to the water at or near the location of the jet nozzle. Plaintiff testified in her deposition that she noticed, but did not read, BRP's on-product warning label.

Defendants contend that Nicole Alfano's ("Nicole") testimony that she would have acted a certain way or heeded to

the warning had the warning label been adequate is inadmissible as it is too speculative and self-serving pursuant to Federal Rules of Evidence Sections 602 and 701. See Nevada Power Co. v. Monsanto Company, 891 F.Supp. 1406 (9th Cir. 1995). Also, BRP argues that the fact that Nicole Alfano saw the warning label and did not read it, even though she admitted that "nothing prevented her from reading it," precludes a finding of proximate cause as Nicole did not intend to read or rely on the warning.

Plaintiffs contend that the very nature of the label's inadequacy is what caused Nicole to ignore the warning. Had the warning label been adequate, Nicole would have looked at it. Plaintiffs assert that BRP knows that users do not heed its warning to wear protective clothing and therefore BRP had a duty to provide a short and plain warning to consumers. Plaintiffs assert it is unreasonable to expect consumers to read and process such a lengthy message as was containing on the subject PWC. Thus, Plaintiffs argue a genuine issue of fact exists as to whether the label's inadequacy is what caused Nicole to ignore it. Herrera v. Louisville Ladder Group, LLC, 2009 WL 3849705 at *3-4. The Herrera case however, does not address whether the Plaintiff can testify as to whether a different warning would have altered her conduct. Rather, the only issue before the Court in Herrera was the adequacy of the warning.

Here, it is undisputed that Nicole Alfano did not read the PWC warning. Although Plaintiffs argue that the label's inadequacy is what caused Nicole Alfano to ignore the warning, Plaintiffs have offered no admissible evidence which creates the existence of a material factual dispute concerning causation. Normally, undisputed evidence that a plaintiff failed to read instructions or warnings which were provided with the product is sufficient to entitle the defendant to judgment as a matter of law. See <u>Motus v. Pfizer, Inc.,</u> 358 F.3d 659, 661 (9th Cir.2004). California law requires proof that "the inadequacy or absence of the warning was a substantial cause of the plaintiff's injury." <u>Plummer v. Lederle Laboratories, Div. of American Cyanamid Co.</u>, 819 F.2d 349, 358 (2d Cir. N.Y. 1987); see <u>Ramirez v. Plough, Inc.</u>, 6 Cal. 4th 539 (Cal.1993)(requiring "causal connection between the representations or omissions that accompanied the product and plaintiff's injury"). California, unlike some other states, has not adopted a rebuttable presumption that a person would have heeded an adequate warning. See <u>Motus</u>, 196 F.Supp.2d at 991-95. As such, the Plaintiff bears the burden of proving through affirmative evidence that the inadequate warning was the proximate cause of her injuries.

Here, even assuming Plaintiffs' argument that a jury could find inadequacy of the warning, Plaintiffs are unable to establish that an adequate warning would have altered Nicole

Alfano's conduct. The Court finds that Nicole's testimony that she would have acted a certain way or heeded to the warning had it been adequate is inadmissible as it is too speculative and self-serving pursuant to Federal Rules of Evidence Sections 602 and 701. See Nevada Power Co. v. Monsanto Company, 891 F. Supp. 1406 (9th Cir. 1995)(the court held that plaintiff's testimony that he would have not have used the equipment at all had he known more fully of the dangers was too speculative and self-serving).  In the absence of any other supporting evidence or facts on the issue of causation, the Court concludes that Plaintiffs have failed to demonstrate there exists a genuine issue of material fact on the causation issue, which is an essential element to their claims for both strict and negligent product liability for failure to warn. Accordingly, Plaintiffs' strict and negligent failure to warn claims fail as a matter of law.

III. ORDER

For the above reasons, Defendants BRP Inc. and BRP US Inc.'s motion for summary adjudication on Plaintiffs' strict and negligent product liability failure to warn claims is hereby GRANTED.

IT IS SO ORDERED.

Dated:  June 3, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE